# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Don Cook,<br><br>    Plaintiff,<br>    v.<br><br>Circle K Stores, Inc. d/b/a/ Circle K #3963, et al.,<br><br>    Defendants. | C/A: 2:24-cv-05456-RMG<br><br>**ORDER AND OPINION** |

Before the Court is Defendant Circle K Stores, Inc.'s motion for summary judgment (Dkt. No. 26). For the reasons set forth below, the Court grants the motion as to punitive damages, but otherwise denies it.

## I. Background

Plaintiff allegedly slipped, fell, and injured himself one evening while exiting one of Defendant's stores. Plaintiff believes the substance he slipped on was oil. He testified there was oil "all over the ground" and "the parking spaces." (Dkt. No. 26 at 1-2).

Defendant moved for summary judgment, (Dkt. Nos. 26, 29), and Plaintiff filed a response in opposition, (Dkt. No. 27).

Defendant's motion is ripe for disposition.

## II. Legal Standard

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine dispute of any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of identifying the portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [which] show that there is no genuine issue as to any material fact and

that the moving part is entitled to a judgement as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 & n.4 (1986) (citing Rule 56(c)). The Court will interpret all inferences and ambiguities against the movant and in favor of the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Where the moving party has met its burden to put forth sufficient evidence to demonstrate there is no genuine dispute of material fact, the non-moving party must come forth with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing Rule 56(e)). An issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

### III.   Discussion

"A merchant is not an insurer of the safety of [its] customers[,]" and "is not required to maintain the premises in such condition that no accident could happen to a patron using them[,]" *Garvin v. Bi-Lo, Inc.*, 343 S.C. 625, 541 S.E.2d 831, 832, 833 n.1 (2001) (citations omitted); however, a merchant owes "an invitee or business visitor the duty of exercising reasonable or ordinary care for his safety, and is liable for injuries resulting from the breach of such duty." *Sims v. Giles*, 541 S.E.2d 857, 863 (S.C. App. 2001) (citation omitted). The owner has a duty to warn an invitee only of latent or hidden dangers of which the landowner is on actual or constructive notice. *H.P. Larimore v. Carolina Power & Light*, 340 S.C. 438, 531 S.E.2d 535, 538 (App. 2000) (citing *Callander v. Charleston Doughnut Corp.*, 305 S.C. 123, 406 S.E.2d 361, 362-63 (1991)).

"To recover damages for injuries caused by a dangerous condition on a storekeeper's premises, the plaintiff must show either (1) that the injury was caused by a specific act of the [defendant] which created the dangerous condition; or (2) that the [defendant] had actual or constructive knowledge of the dangerous condition and failed to remedy it." *Garvin*, 541 S.E.2d

at 832. Either theory is predicated on the existence of a dangerous condition; if there is no evidence of a dangerous condition, then the Court must grant summary judgment. *Daniels v. Food Lion, LLC*, No. 5:16-cv-00936-RBH, 2018 WL 5762081, at *6 (D.S.C. Nov. 2, 2018). Here, Plaintiff's case rests on a constructive notice theory. (Dkt. No. 27 at 1, 5).

"The entire basis of an invitor's liability rests upon his superior knowledge of the danger that causes the invitee's injuries. If that superior knowledge is lacking, as when the danger is obvious, the invitor cannot be held liable." *H.P. Larimore,* 531 S.E.2d at 540. A landowner is not liable for open and obvious dangers unless the landowner "should anticipate the harm despite such knowledge or obviousness" or "has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, ... or fail to protect himself against it." *Callander*, 406 S.E.2d at 362-63 (internal quotation marks omitted) (alteration in original).

Reading all facts in a light most favorable to Plaintiff, the Court denies Defendant's motion as to Plaintiff's negligence claim. Plaintiff testified oil was "all over the ground" and covered "*all* the parking spaces." (Dkt. No. 26-1 at 3) (emphasis added). Given the substance's widespread presence, material factual disputes exist as to the length of time the hazard may have been present, which bears on Defendant's constructive notice. Further, as to whether the hazard was open and obvious, the Court likewise finds material factual disputes preclude granting summary judgment. *See* (Dkt. No. 27 at 7) (arguing Defendant's parking lot was sole means of ingress and egress for customers); *see also Benton v. Bulldog Tours Inc.*, No. 2:17-CV-01623-DCN, 2019 WL 803973, at *2 (D.S.C. Feb. 21, 2019) (noting that even if a danger is open and obvious, a property owner can still be liable for physical harm caused to invitees if the "possessor should anticipate the harm despite such [ ] obviousness").

The Court, however, grants Defendant's motion as to Plaintiff's request for punitive damages. *Sea Island Food Grp., LLC v. Yaschik Dev. Co., Inc.*, 433 S.C. 278, 289, 857 S.E.2d 902, 907–08 (Ct. App. 2021) ("In order to recover punitive damages, the plaintiff must present clear and convincing evidence that the defendant's conduct was willful, wanton, or in reckless disregard of the plaintiff's rights."); *Mellen v. Lane*, 377 S.C. 261, 290, 659 S.E.2d 236, 251 (Ct. App. 2008) (noting standard is "the highest burden of proof known to the civil law").  Plaintiff has not met his burden of showing evidence from which a reasonable jury could award punitive damages. *See* (Dkt. No. 27 at 8) (arguing Defendant was reckless only because it did not conduct a walk through the day of the accident).

## IV.    Conclusion

For the forgoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's motion for summary judgment (Dkt. No. 26).  The motion is granted as to punitive damages but is otherwise denied.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
United States District Judge

February 6, 2026
Charleston, South Carolina

-4-